UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MULTIFLEX SYSTEMS, INC.,

    Plaintiff,
v.                            Case No. 8:09-cv-2071-T-33TGW

REED TRANSPORT SERVICES, INC.,
XP TRANSPORTATION, INC. and
YAMIR VALDES,

    Defendants.
_____/

**ORDER**

This matter is before the Court pursuant to Defendant Reed Transport Services' Motion to Dismiss Amended Complaint (the "Motion," Doc. # 11), filed December 3, 2009. Plaintiff Multiflex Systems filed its Response to the Motion on December 17, 2009 (Doc. # 14). For the reasons that follow, the Motion is due to be granted.

**I.   Factual and Procedural Background**

Plaintiff Multiflex Systems ("Multiflex") filed its Amended Complaint (the "Amended Complaint") in this Court on November 16, 2009, pursuant to 49 U.S.C. § 14706 (the Carmack Amendment), 49 U.S.C. § 13501, and 49 U.S.C. § 13531. (Doc. # 8 at 2). All parties are Florida residents.

Multiflex contracted with Defendant Reed Transport Services ("Reed"), a "broker" as defined by 49 U.S.C. § 13102,

1

to ship Multiplex conveyor machinery and display items to a trade show in Chicago, Illinois.[1] (Id. at ¶ 9,15). Reed hired Defendant XP Transport ("XP"), a "carrier" as defined by 49 U.S.C. 13102, to ship the goods from Sarasota, Florida, to Chicago, Illinois.[2] (Id. at ¶ 10). XP in turn hired Defendant Yamir Valdes, a truck driver, to transport the goods. (Id. at ¶ 11).

Valdes picked up the cargo in good condition on November 4, 2008, without any notation or exception on the Bill of Lading. (Id. at ¶ 12,14). On November 6, 2008, the goods arrived in damaged condition. (Id. at ¶ 16-17). In its Amended Complaint, Multiflex documents its efforts to obtain reimbursement from various insurance carriers over a ten-month period; those insurance claims were denied. (Id. at ¶ 20-38).

The Amended Complaint alleges liability for damages to an interstate shipment under 49 U.S.C. § 14706 against Valdes (Count I) and XP (Count II). (Id. at 6-7). The Amended

---

[1] "Broker" is defined as "a person, other than a motor carrier or an employee or agent of a motor carrier, that as a principal or agent sells, offers for sale, negotiates for, or holds itself out by solicitation, advertisement, or otherwise as selling, providing, or arranging for, transportation by motor carrier for compensation." 49 U.S.C. § 13102(2).

[2] "Carrier" is defined as "a motor carrier, a water carrier, and a freight forwarder." 49 U.S.C. § 13102(3).

Complaint further alleges liability for damages to an interstate shipment due to negligent entrustment of the shipment against Reed (Count III). (Id. at 9).

On December 3, 2009, Reed filed its Motion to Dismiss Amended Complaint, asking this Court to dismiss with prejudice Count III of the Amended Complaint for failure to state a claim upon which relief can be granted. (Doc. # 11 at 1). Multiflex filed its Response to the Motion on December 17, 2009 (Doc. # 14). The Motion is ripe for the Court's review.

## II. **Legal Standard**

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.")

However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic

3

> recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

## III. Analysis

The Carmack Amendment governs liability for loss, damage, or injury to property transported in interstate commerce. 49 U.S.C. § 14706 et seq. However, the Carmack Amendment applies to "carriers," not "brokers." Hewlett-Packard Co. v. Brother's Trucking Enter., Inc., 373 F. Supp. 2d 1349, 1351 (M.D. Fla. 2005). See also 49 U.S.C. § 14706(a) (establishing general liability for "motor carriers and freight forwarders"). Multiflex concedes that Reed is a broker. (Doc. # 8 ¶ 9).

Nonetheless, Multiflex alleges that Reed is liable for "negligent entrustment of Multiflex's shipment to XP Transportation," without mention of the Carmack Amendment. (Id. at 9). Specifically, Multiflex contends that,

> Reed knew or should have known that entrusting such an important and valuable shipment to XP and its driver Valdes, was beyond the capabilities of XP as a company and Valdes as a driver. Reed should not

4

> have entrusted a shipment to XP because of its and its driver's inexperience, inability to safely operate a commercial vehicle and deliver the shipment undamaged.

(Id.).

Reed asserts that this claim is an "end around" the limitations of 49 U.S.C. § 14706(a). (Doc. # 11 at ¶ 6). Furthermore, Reed notes that the Amended Complaint alleges no facts supporting the claim that Reed "knew or should have known" that XP was incapable of handling the shipment. (Id.)

In its Response to the Motion, Multiflex states these factual allegations in support of its claim: (1) that XP was founded just five months before Reed entrusted it with Multiflex's "very valuable shipment"; and (2) that Valdes has a criminal record, with a recent arrest for felony cultivation of marijuana. (Doc. # 14 at 5). Multiflex asserts that its Amended Complaint satisfies notice and pleading requirements but offers to file an amended complaint to cure any "technical defects" in Count III. (Id.)

The Court finds that Count III cannot survive Reed's Motion to Dismiss, even if amended. The Carmack Amendment was designed to create a uniform rule for carrier liability for interstate shipments; it is thus the exclusive remedy for such claims, preempting state regulation. Smith v. United Parcel

5

Serv., 296 F.3d 1244, 1246 (11th Cir. 2002). Because a broker cannot be held liable under the Carmack Amendment, Multiflex does not have a viable claim against Reed pursuant to 49 U.S.C. § 14706.

The Carmack Amendment includes a "savings clause" allowing common-law and other actions.[3] 49 U.S.C. § 15103. This savings clause "preserves rights and remedies 'not inconsistent with the rules and regulations prescribed by the provision of this act.'" Smith, 296 F.3d at 1247 (quoting Adams Express Co. v. Croninger, 226 U.S. 491, 507 (1913)). However, a common-law cause of action, such as negligence, asserted outside the aegis of 49 U.S.C. § 14706, would defeat this Court's subject-matter jurisdiction.

Thus, upon due consideration, the Court finds that Multiflex has failed to state a claim upon which relief can be granted as to Count III of the Amended Complaint.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED** that:

Defendant Reed Transport Services' Motion to Dismiss Amended Complaint (Doc. # 11) is **GRANTED**. Count III of

---

[3] The savings clause states: "Except as otherwise provided in this part, the remedies provided under this part are in addition to the remedies existing under another law or common law." 49 U.S.C. § 15103.

Plaintiff's Amended Complaint is dismissed with prejudice. The Clerk is directed to enter judgment in favor of Defendant Reed Transport Services.

DONE and ORDERED in Chambers in Tampa, Florida, this <u>11th</u> day of June 2010.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record